IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM LEE SHACKELFORD,

      Plaintiff,             No. CIV S-07-1860 GEB DAD P

   vs.

SUZAN L. HUBBARD, et al.,

      Defendants.         <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has identified as defendants Warden Suzan L. Hubbard; Dr. Nadim K. Khoury; Pharmacy Supervisor P. Nyugen; John/Jane Does 1-3; and M.T.A. P. King. All of the named defendants are employed at California Medical Facility.

Plaintiff alleges that on January 3, 2007, he was transported to the emergency room at California Medical Facility because he was vomiting and experiencing diarrhea. He

further alleges that, on January 10, 2007, he was diagnosed with the Norovirus and received medication for his condition beginning January 15, 2007, but his symptoms persisted. In addition, he asserts that he experienced chills, dizziness, headaches, a sore throat, and lack of appetite. Plaintiff alleges that on January 25, 2007, upon receiving his medication, he asked M.T.A. King about one of the pills and King replied that "It's a new Med that was ordered." Plaintiff claims that he assumed the medication was for the Norovirus, but an hour after taking it, he began to feel faint, his heart began to pound and his speech became slurred. As a result, plaintiff received a medical lay-in until January 28, 2007.

Plaintiff alleges that on January 26, 2007, he again received his medications including the new pill, and again experienced a similar reaction within an hour of taking it. Plaintiff allegedly informed prison officials that he believed the reaction was being caused by the new medication he was taking. At that point, CMF officials summoned M.T.A. King and learned that there were two inmates with the last name Shackelford and that plaintiff had received the wrong medication on the two occasions in question.

Plaintiff concludes that defendants have violated his rights under the Eighth Amendment and the Fourteenth Amendment. He requests declaratory relief, monetary relief, and injunctive relief.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

/////

4

8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff elects to pursue this action by filing an amended complaint, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In his amended complaint, plaintiff must allege facts demonstrating how defendants' actions rose to the level of "deliberate indifference."  For example, accepting plaintiff's allegations as true, although M.T.A. King provided plaintiff with the wrong medication the error appears to be the result of negligence, not deliberate indifference.  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

In addition, plaintiff must allege facts demonstrating how the supervisory personnel he has named as defendants in this action deprived him of his Eighth Amendment rights.  For example, in his original complaint, plaintiff alleges that defendant Khoury violated his constitutional rights by failing to act so as to prevent the actions of his subordinates.  Similarly, plaintiff alleges that defendant Nyugen, as supervisor of the pharmacy, should have known that all medication errors are potentially serious.  As noted above, supervisory personnel are generally not liable under 42 U.S.C. § 1983 for the actions of their employees under a theory of respondeat superior.  Plaintiff must allege in specific terms how each defendant was involved

5

1  in the claimed denial of adequate medical care.  There can be no liability under 42 U.S.C. § 1983
2  unless there is some affirmative link or connection between a defendant's actions and the
3  claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167
4  (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory
5  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>
6  <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

7         Finally, in his complaint plaintiff refers to John/Jane Does 1-3 as defendants.
8  Plaintiff is advised that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not
9  favored."  <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir.1980).   Plaintiff is further advised
10 that the court cannot order service of a complaint on defendants not actually named in the
11 amended complaint.

12        Plaintiff is informed that the court cannot refer to a prior pleading in order to
13 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
14 complaint be complete in itself without reference to any prior pleading.  This is because, as a
15 general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
16 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
17 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
18 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19        Accordingly, IT IS HEREBY ORDERED that:

20        1.  Plaintiff's September 10, 2007 application to proceed in forma pauperis is
21 granted.

22        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23 The fee shall be collected and paid in accordance with this court's order to the Director of the
24 California Department of Corrections and Rehabilitation filed concurrently herewith.

25        3.  Plaintiff's complaint is dismissed.
26 /////

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: March 6, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
shac1860.14a